## INSTRUCTED VERDICT—BURDEN OF PROOF.

Circuit Court of Summit County.

### JACOB NOBIL v. B. & O. R. R. Co.

Decided, April Term, 1909.

*Judgment Notwithstanding Verdict—Error Where Facts Not Conceded.*

It is error to enter judgment for the defendant, notwithstanding the verdict against him, although his defense is established by his own witnesses and they are not contradicted by the plaintiff. The jury may not believe the defendant's witnesses. It is only upon the conceded facts of the case that a verdict may be directed or a judgment rendered notwithstanding the verdict.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

A proper determination of the question here involved requires a consideration of the pleadings, so as to locate the burden of proof.

The case was tried upon the amended petition, the answer to it and the reply to the latter. Said amended petition is as follows:

"Defendant is a corporation created by and under the laws of the state of Maryland.

"On the 9th day of March, 1907, defendant was a common carrier of goods for hire from the city of Portsmouth, Ohio, to the city of Akron, Ohio, and on said date, in consideration of the freight charges fixed by defendant, and which have been paid by plaintiff to defendant, defendant agreed to carry safely for plaintiff, from Portsmouth, Ohio, and to deliver to plaintiff at the city of Akron, Ohio, and plaintiff then and there delivered to the defendant, for that purpose,—40 cases of shoes, of the value of fifteen hundred and eighty-three and 86-100 ($1,583.86) dollars.

"A copy of said agreement is hereto attached and marked Exhibit A.

"But defendant did not safely carry and deliver said goods, but failed so to do, and permitted thirty-eight cases of said shoes to become water soaked, while in the possession of defendant for transportation, as aforesaid. Whereby said thirty-eight

cases of shoes were wholly lost to plaintiff, to his damage in the sum of fifteen hundred and fifty-four and 46-100 ($1,554.46) dollars, with interest from the 29th day of March, 1907, for which amount plaintiff asks judgment.''

The amended answer, admitting the contract of carriage and receipt of the goods, sets forth the bill of lading in full, from which it appears that it was stipulated that the company should not be liable for any loss or damage to the goods shipped by causes beyond its control, or by floods, or fire, etc.

Then follows an allegation that the injury, damage or loss if any, resulting to said cases of shoes, was wholly due to floods and to causes beyond the defendant's control, and a denial of all other allegations in the amended petition.

The reply admits that the contract of carriage was as set forth in said amended answer.

In this state of the pleadings it was necessary for the plaintiff to prove the value of the goods shipped and the damage resulting by reason of their having been watersoaked.

The burden was upon the defendant to prove that the loss occurred without its fault. *Graham & Co.* v. *Davis & Co.*, 40 O. S., 362; *Union Express Co.* v. *Graham*, 26 O. S., 595; *U. S. Express Co.* v. *Buckman*, 28 O. S., 144.

The plaintiff introduced evidence tending to sustain the burden upon it, and rested. Thereupon the defendant moved for judgment, which was properly denied, for it had not yet exonerated itself, as required by the authorities cited.

The defendant introduced evidence tending to show that the goods were damaged by an unusual flood, without any fault on its part. The plaintiff failed to introduce any countervailing evidence on this subject, whereupon the defendant renewed its motion for judgment and the same was overruled.

This was right. It would be like a plaintiff requesting a directed verdict where the defendant introduces no contradictory evidence. The jury is still to determine the credibility of the witnesses and may disbelieve any and all of them. We have repeatedly held that a plaintiff, upon whom is the burden of proof, is not entitled to a verdict directed in his favor, unless

his claim is conclusively determined in his favor by an admission of the defendant in his pleadings or upon the trial. In this case the burden was upon the defendant and the same rule must be applied.

The case being submitted to the jury, it brought in a verdict for the plaintiff, whereupon the defendant filed a motion for judgment in its favor, notwithstanding the verdict, upon the ground that on the undisputed facts appearing of record the plaintiff was not entitled to recover.

It also filed a motion for a new trial alleging the usual grounds therefor.

The court granted the motion for judgment and overruled the motion for a new trial.

This was the proper practice, if the defendant was entitled to judgment, but holding the views already expressed on that subject, we think the trial judge erred in granting said motion.

What we should have done with the motion for a new trial we can not say, for there is no cross-petition in error.

The decision of the Supreme Court in the case of *Cincinnati Gas & Electric Co.* v. *Archdeacon*, 80 O. S., 1, must be applied according to the rule laid down in the third paragraph of the syllabus. What is said in explanation thereof by Judge Shauck on page 5, does not justify the judgment in this case. He speaks of the failure of the party upon whom the burden of proof rests to offer substantial evidence in favor of all the allegations which the issues require him to support. Here the burden was upon the defendant. Nor was there concurrent testimony of all the witnesses. Plaintiff's witnesses did not concur with defendant's witnesses on the subject of the flood. They were silent on the subject and the burden was on the defendant.

The judgment is reversed and cause remanded for further proceedings.